The opinion of the Court was delivered hy
Levy, J.
This appeal is taken by J. B> Cier, from a judgment homologating the final account of the administration of the Succession of N. A. DeLerno, hy his widow, R. U. DeLerno, as natural tutrix of her minor children, issue of her marriage with her deceased husband, said N. A. DeLerno, which account was opposed hy said Cier and others, on grounds which will be hereafter stated.
N. A. DeLerno died in October, 1876, leaving a widow and three minor children. Shortly thereafter, his surviving widow was confirmed as natural tutrix of said minor children. The property and effects of the succession of the deceased husband were appraised at the sum of $9,615, of which $9,SCO was the value of the real estate. The natural tutrix, in that capacity, administered the estate. There was no opposition made, either l>y the creditors or on behalf of the heirs, to her administering without furnishing security, or was any -application made for the appointment of an administrator. There being no money on hand with which to pay debts due by the succession, some of which had been contracted by the deceased, and others being charges, expenses, † axes, etc., accruing after his death, the tutrix, for the purpose of pay *40 iug the mortgage debts of her lmsbaud, which encumbered the property, obtained an order for the sale of property, but no sale was thereunder effected. The real estate was situated in the City of New Orleans, and owing to the existing depreciation of property, was unsaleable at an adequate price or without sacrifice, and the tutrix, in that capacity, applied to the proper court for an order for the convocation of a family meeting to deliberate upon and advise as to the question of authorizing; the tutrix to borrow the sum of $2,500 to pay pressing- claims against the estate, and to secure its payment by mortgage upon certain succession property; and afterwards, applications for other family meetings were made to authorize her to borrow other and further sums of $600 and $800’. These family meetings advised that these-mortgages should be given; their proceedings were duly homologated, the funds borrowed, and the mortgages executed.
The evidence shows that these sums were applied by the tutrix towards the payment of debts of the estate.
The opposition of the City of New Orleans (seeking- the- recognition of an amount due for taxes) was dismissed, these taxes having- been paid and receipts therefor filed on the trial; that of Waggaman, late sheriff, was maintained, and his claim for $31 recognized as an ordimny debt. These, together with the oppositions of the sheriff, Duffy, the clerk of 5th District Court, and of the experts, were, in our opinion, properly disposed of by the Court a qua, and do not require further discussion at our hands.
J. B. Cier, the appellant, opposes the account on several grounds. He contends that the estate was administered by Mrs. DeLerno, and her acts were those of an administratrix; that, as such, she had no right to mortgage the property; that the decree granting- her the authority to do so is inoperative and cannot affect the rights of the other creditors; that the mortgages were given for the purpose of securing debts contracted after the death of the husband, and that the proceeds of the sale of the property thus mortgaged, constitute a fund to be distributed among all the creditors of the succession, and such mortgagees have no privilege on said proceeds.
He further contends that the tutrix should be charged with the. rents of the real estate from the date of her husband’s death until that of the sale; that her charge for commissions, claimed by her, should be disallowed, and that the items in favor of Mrs. Armitage, for services as a nurse during the last illness of deceased, be also disallowed. Also, he asks that Mrs. DeLerno be charged with the value, of certain jewelry not inventoried.
We find nothing in the record which goes to show that Mrs. DeLerno is chargeable with those rents. About $20 or $25 was paid her by the *41 agent having charge of the property, and the other rents appear to have been expended in repairs, necessary subsistence, etc. The evidence does not enable us to arrive at any conclusion as to what amount, if any, was received by her from rents. Nor do we feel justified in disallowing the. commissions for administration allowed to her by the lower court. There, is no evidence showing maladministration, had faith, or injury resulting from her acts of administration. The proof by the tutrix is, that Mrs. Armitage rendered services as nurse, and there is no counter evidence disproving this.
Tlie principal question for decision is that first above mentioned in our statement of the grounds of the opposition.
The Judge a quo, in his reasons for judgment, in giving validity and effect to the mortgages, holds: “ There can he no doubt that tutors can administer successions. When they do it, in their sole capacity of tutors, without opposition on the part of creditors, they administer the same as Cur effect, a thing belonging to their wards, for' the ultimate advantage of their wards,’ and, then, they are entirely governed in their administration by the rules contained in the CM Code under'the head of tutors.” Succession of Weber, 16 A. 420. “ They may, therefore, legally borrow money, grant mortgages, when so authorized by tiro Court, upon the advice of a family meeting. In such case, the decree of the Court, having jurisdiction, homologating tlie proceedings of this family meeting, and authorizing tlie tutor of the minors to borrow, is a sufficient iwotection to the lender. He is not bound to see to the judicious application of the money. The tutor' alone is accountable to the creditors.” 13 A. 364 ; 7 R. 63; Cane Tutrix vs. Cawthon, sheriff, 32 A. 953; C. C. 339, 340 ; 31 A. 35; 26 A. 598. We think the reasons and conclusions of the District Judge are correct.
The judgment appealed from is affirmed at costs of appellant.